## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| | ) | C.A. NO.: 1:19-cv-98 |
| Plaintiff, | ) ) | Electronically Filed |
| vs. | ) ) ) | |
| GPS-GILS PROPERTY SERVICES, LLC, JEFFREY KOBAK, AHLBORG CONSTRUCTION CORP., BLACKSTONE MANAGEMENT, LLC, WEST BAY ORTHOPEDICS & NEURSOSURGERY, INC. and, TRILOGY WBO REALTY LIMITED PARTNERSHIP, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

## INTRODUCTORY STATEMENT

This is a Declaratory Judgment action brought pursuant to 28 U.S.C. sec. 1332 in which the Plaintiff, Atain Specialty Insurance Company ("Atain"), seeks a declaration that it is not obligated to defend and/or indemnify its insured, GPS-GILS Property Services LLC, nor any other party, with respect to a Rhode Island Superior Court personal injury lawsuit brought by Jeffrey Kobak against GPS Gils Property Services LLC and other defendants.  Atain asserts that the applicable Commercial General Liability Policy only provides coverage for the specific commercial activities set forth on the "Classification Schedule," i.e., "Snow and Ice Removal – Contractor; Debris Removal – construction site; Janitorial Services, and Contractors – subcontracted work – other than construction related work."  The State Court

1

action arises out of the fact that GPS-GILS installed a commercial roof and, as the policy does not include roofing or construction work in the Classification Schedule, neither defense nor indemnification is afforded for roofing activities.

## PARTIES

1. The Plaintiff, Atain Specialty Insurance Company ("Atain"), is a Michigan Corporation with its principal place of business at 30833 Northwestern Highway, Farmington Hills, Michigan.

2. The Defendant GPS-GILS Property Services LLC ("GPS-GILS") is a Rhode Island limited liability corporation with a principal place of business at 31 Congress Street, Pawtucket, Rhode Island.

3. The Defendant Jeffrey Kobak is a Rhode Island resident with a usual place of residence at 235 Main St. Apt. D, Pascoag, Rhode Island.

4. The Defendant Ahlborg Construction Corp., is a Rhode Island business corporation with a usual place of business at 335 Centerville Road, Warwick, Rhode Island.

5. The Defendant Blackstone Management, LLC is a Rhode Island limited liability corporation with a usual place of business at 6 Blackstone Valley Place, Suite 401, Lincoln, Rhode Island.

6. The Defendant West Bay Orthopedics and Neurosurgery, Inc., is Rhode Island corporation with a usual place of business at 120 Centerville Road, Warwick, Rhode Island.

7. The Defendant Trilogy WBO Realty Limited Partnership is a Rhode Island limited partnership with a usual place of business at 146 Westminster Street, Providence, Rhode Island.

## JURISDICTION AND VENUE

8. Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are of citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00.

9. Venue is properly laid in this judicial district because the events giving rise to the claims set forth in this Complaint occurred in this district, Plaintiff's insured conducts business in the district and the relevant acts and omissions as alleged occurred in this district.

## FACTS

10. Atain issued a Commercial General Liability policy for the period of March 11, 2013 – March 11, 2014, as renewed from March 11, 2014 – March 11, 2015 and March 11, 2015 – March 11, 2016, for claims made within the respective policy period, to the Defendant GPS-GILS.

11. The policy contained a "**CLASSIFICATION LIMITATION**" which provided as follows:

> Coverage under this policy is specifically limited to, and applies only to those classifications as described under the applicable Coverage Part or Schedule designated in the Declarations Page of this policy.

> This policy excludes coverage for any operation not specifically listed in the Coverage Part, Schedule or Declarations Page of this policy.

12. Per the initial Supplemental Declarations, for the period of March 11, 2013 – March 11, 2014, the insured's classification is listed as:  Snow and Ice Removal – Contractor; Debris Removal – construction site; and, Janitorial Services.

13. Per the March 12, 2014 renewal through the March 11, 2016 renewal, the insured's classification is listed as: Snow and Ice Removal – Contractor; Debris Removal – construction site; Janitorial Services, and Contractors – subcontracted work – other than construction related work.

14. The co-defendant Ahlborg Construction Corp. subcontracted GPS-GILS to install a roof at 120 Centerville Road, Warwick, Rhode Island on or about May 9, 2014.

15. GPS-GILS installed and completed the roof on June 18, 2014.

16. During the course of the roof work, GPS-GILS is alleged to have failed to properly secure the utility ladder providing access to the roof.

17. The Defendant Jeffrey Kobak alleges that on July 8, 2016 (or June 8, 2016) in the course of using the utility ladder to access the refrigeration unit on top of the roof located at 120 Centerville Road, Warwick, Rhode Island,  the utility ladder detached from the roof and caused him to fall and suffer personal injury.

18. The Defendant Jeffrey Kobak has filed a Rhode Island Superior Court complaint, *Jeffrey Kobak v. GPS-GILS Property Services LLC, et. al., Providence County Civil Act. No.: 2018-7067.*

19. Furthermore, in the Rhode Island state action, Ahlborg Construction Corp. has filed a cross claim against GPS-GILS for contribution and indemnification.

20. With respect to the cross claim, Ahlborg Construction Corp. alleges that "On May 9, 2014, Defendant, GPS-Gils Property Services, LLC was subcontracted by Defendant, Ahlborg Construction Corp. to replace the roof at 120 Centerville Road, Warwick, Rhode Island, and Defendant, GPS-Gils Property Services, LLC completed the replacement of said roof on June 18, 2014."

21. Ahlborg Construction Corp. further alleges in its cross claim, "If Plaintiff proves that the incident alleged in Plaintiff's complaint occurred as a result of any negligence of any party, then Plaintiff's injuries and damages could only be the result of the negligence of GPS-Gils Property Services, LLC."

22. In connection with the Kobak Rhode Island state action, Atain is providing the Defendant GPS-GILS with a defense, under a reservation of rights.

23. Pursuant to the "Classification Limitation" the policy excludes coverage for any operation not specifically listed in the Coverage Part, Schedule or Declarations Page.

24. The policy does not provide coverage for roofing or construction operations and only provides coverage for "Snow and Ice Removal – Contractor; Debris Removal – construction site; Janitorial Services, and Contractors – subcontracted work – other than construction related work."

25. Accordingly, Atain seeks a declaration from this Court that the policy excludes coverage for claims related to roofing or construction activities as such coverage does not exist under the policy and thus Atain owes neither a defense nor indemnity to the Defendants.

## COUNT I
### *DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*

26. Atain incorporates herein the allegations of paragraphs 1-26.

27. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide the Defendants with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to GPS-GILS.

28. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the claims asserted against GPS-GILS arising from or related to the roofing work GPS-GILS performed at 120 Centerville Road, Warwick, Rhode Island and that Atain owes neither a defense nor indemnity to GPS GILS or to any other entity, arising out of the roofing work.

29. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the claims asserted against GPS-GILS arising from or related to Jeffrey Kobak's claim for personal injury as such injury is alleged to have been caused by

4

the roofing work GPS-GILS performed at 120 Centerville Road, Warwick, Rhode Island and, further, that Atain owes neither a defense nor indemnity to GPS GILS or to any other entity arising out of the roofing work.

**WHEREFORE**, Atain requests this Honorable Court to declare that coverage does not exist under the Atain policy for the claims made against GPS GILS, as set forth in *Kobak v. GPS-GILS Property Services LLC, et. al., Providence County Civil Act. No.: 2018-7067*.   Atain further requests that this Honorable Court declare that Atain has neither a duty to defend nor a duty to indemnify GPS-GILS or any other entity for the claims made against GPS-GILS, as set forth in *Kobak v. GPS-GILS Property Services LLC, et. al., Providence County Civil Act. No.: 2018-7067*.

Respectfully Submitted,
Atain Specialty Insurance Company
By Its Attorneys,

/s/ Matthew W. Perkins
Matthew W. Perkins, No. 6097
Lecomte, Emanuelson and Doyle
Batterymarch Park II, One Pine Hill Drive
Suite 105, Quincy, MA 02169
(617) 328-1900
mperkins@lecomtelaw.com

Dated: February 27, 2019